# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

MICHALE G. PRIDDY, )
)
          Plaintiff, )
v. ) Case No. CIV-18-153-SPS
)
ANDREW M. SAUL, )
Commissioner of the Social )
Security Administration,[1] )
)
          Defendant. )

## OPINION AND ORDER

The claimant Michale G. Priddy requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

---

[1] On June 4, 2019, Andrew M. Saul became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this action.

work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was forty-five years old at the time of the administrative hearing (Tr. 37). He has a high school education and has worked as a fast food cook (Tr. 38, 53, 181). The claimant alleges that he has been unable to work since January 1, 2014, due to diabetes, stage four kidney disease, fatigue, nervousness, tremors, and dizziness (Tr. 180).

**Procedural History**

On January 26, 2016, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 150-58). His application was denied. ALJ Derek N. Phillips conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 18, 2017 (Tr. 16-28). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found the claimant retained the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 416.967(b) (Tr. 22). The ALJ then concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the national economy, *e. g.*, packer and assembler (Tr. 26-28).

## Review

The claimant contends that the ALJ erred by failing to properly: (i) analyze the opinion of treating physician Dr. Michael Irvin, and (ii) evaluate his subjective statements. The Court finds these contentions unpersuasive for the following reasons.

The ALJ found that the claimant had the severe impairments of chronic kidney disease (stage four), diabetes with neuropathy, hypertension, and degenerative disc disease of the thoracic spine, but that his obesity, anemia, and anxiety were nonsevere (Tr. 18-19). The relevant medical records reveal that Dr. Irvin regularly treated the claimant for hypertension and diabetes from March 2014 through December 2016 (Tr. 345-61, 421-33, 478-82). In September 2015, the claimant reported weakness and moderately intense tremors several times per day, and Dr. Irvin diagnosed the claimant with tremulousness (Tr. 355-58). Dr. Irvin's physical examinations were otherwise normal (Tr. 345-61, 421-33, 478-82).

As to the claimant's mental impairments, he regularly reported anxiety to Dr. Irvin from January 2016 through September 2016, but his mental status examinations were normal (Tr. 421-33, 481-82). Dr. Irvin completed a mental functional assessment on March 1, 2016 and diagnosed the claimant with generalized anxiety (Tr. 344). On June 6, 2016, Dr. Irvin completed an additional mental functional assessment wherein he stated that the claimant's nervousness, weakness, and crying supported his diagnosis of general anxiety (Tr. 420). Dr. Irvin also opined that the claimant was unable to be around other people (Tr. 420). On August 15, 2016, Dr. Irvin wrote a letter that stated he was treating the

claimant for "multiple medical conditions" and that the claimant was unable to work "[a]t this time." (Tr. 486).

State agency physician Dr. David Bailey completed a physical RFC assessment on March 17, 2016 and found that the claimant could perform the full range of light work (Tr. 64-66). His findings were affirmed on review (Tr. 78-81).

State agency psychologist Bruce Lochner, Ph.D. completed a Psychiatric Review Technique ("PRT") on March 16, 2016 and found that the claimant's anxiety disorders were nonsevere (Tr. 61-63). His findings were affirmed on review (Tr. 75-77).

At the administrative hearing, the claimant testified that was unable to work because of weakness, dizziness, blurred vision, leg pain, back pain, joint pain, and hand cramps (Tr. 40). The claimant further testified that he was taking medication for anxiety and that he feels nervous and fearful when he is anxious (Tr. 42). The claimant stated that he only leaves his house to attend doctor appointments and that he last socialized with friends a year ago (Tr. 42-44). As to his concentration, the claimant testified that he loses interest in television shows, has difficulty following directions, and that his mother typically prepares his medications and reminds him of his doctor's appointments (Tr. 44-45).

In his written opinion, the ALJ summarized the claimant's testimony and the medical record. In discussing the opinion evidence, the ALJ assigned the state agency physicians' and psychologists' opinions great weight because they were consistent with the evidence of record and reflected a thorough review of the record (Tr. 24-25). The ALJ then noted Dr. Irvin did not assess any functional limitations in his March 2016 statement (Tr. 25). The ALJ gave partial weight to Dr. Irvin's June 2016 opinion, adopting his

generalized anxiety diagnosis, but rejecting his opinion that the claimant could not be around people because: (i) it was not supported by the evidence, (ii) the claimant did not seek or receive mental health treatment for anxiety, and (iii) the claimant's symptoms were well controlled with medication (Tr. 25). The ALJ then gave little weight to Dr. Irvin's August 2016 opinion that the claimant was unable to work because: (i) it was a conclusory statement with no basis for support, (ii) there were no details regarding the limiting effects of the claimant's conditions, (iii) there were no specific conditions identified, and (iv) it was an issue reserved to the Commissioner (Tr. 25).

Medical opinions of a treating physician such as Dr. Irvin are entitled to controlling weight if "'well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating physician's opinions are not entitled to controlling weight, the ALJ must nevertheless determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. § 416.927. *Id*. The factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255

F.3d 1211, 1213 (10th Cir. 2001). If the ALJ rejects a treating physician's opinion entirely, he must "give specific, legitimate reasons for doing so." *Id.* at 1301. In sum, it must be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996). The ALJ's treatment of Dr. Irvin's opinions, as described above, meets these standards. The ALJ specifically addressed his findings, considered each opinion in turn, and gave numerous reasons, supported by the record, for adopting or not adopting the limitations described in them. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("The ALJ provided good reasons in his decision for the weight he gave to the treating sources' opinions. Nothing more was required in this case.") [internal citation omitted]. Accordingly, he did not commit error in failing to include further limitations for the claimant's RFC. *See, e. g., Best-Willie v. Colvin,* 514 Fed. Appx. 728, 737 (10th Cir. 2013) ("Having reasonably discounted the opinions of Drs. Hall and Charlat, the ALJ did not err in failing to include additional limitations in her RFC assessment.").

The claimant further contends that the ALJ erred in analyzing his subjective statements. The Commissioner uses a two-step process to evaluate a claimant's subjective statements of pain or other symptoms:

> First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second . . . we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . .

Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *3 (October 25, 2017).[3] Tenth Circuit precedent is in accord with the Commissioner's regulations but characterizes the evaluation as a three-part test. *See, e. g., Keyes-Zachary,* 695 F.3d at 1166-67, citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987).[4] As part of the symptom analysis, the ALJ should consider the factors set forth in 20 C.F.R. § 416.929(c)(3), including: (i) daily activities; (ii) the location, duration, frequency, and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (v) treatment for pain relief aside from medication; (vi) any other measures the claimant uses or has used to relieve pain or other symptoms; and (vii) any other factors concerning functional limitations. *See* Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *7-8. An ALJ's symptom evaluation is entitled to deference unless the Court finds that the ALJ misread the medical evidence as a whole. *See Casias,* 933 F.2d at 801. An ALJ's findings regarding a claimant's symptoms "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the

---

[3] SSR 16-3p is applicable for decisions on or after March 28, 2016, and superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996). *See* SSR 16-3p, 2017 WL 5180304, at *1. SSR 16-3p eliminated the use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of [a claimant's] character." *Id.* at *2.

[4] Analyses under SSR 16-3p and *Luna* are substantially similar and require the ALJ to consider the degree to which a claimant's subjective symptoms are consistent with the evidence. *See, e. g., Paulek v. Colvin*, 662 Fed. Appx. 588, 593-4 (10th Cir. 2016) (finding SSR 16-3p "comports" with *Luna)* and *Brownrigg v. Berryhill,* 688 Fed. Appx. 542, 545-46 (10th Cir. 2017) (finding the factors to consider in evaluating intensity, persistence, and limiting effects of a claimant's symptoms in 16-3p are similar to those set forth in *Luna*). The Court agrees that Tenth Circuit credibility analysis decisions remain precedential in symptom analyses pursuant to SSR 16-3p.

guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. The ALJ is not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but simply "recit[ing] the factors" is insufficient. *See* Soc. Sec. Rul. 16–3p, 2017 WL 5180304 at *10.

In this case, the Court finds that the ALJ set out the appropriate analysis and cited evidence supporting his reasons for finding that the claimant's subjective complaints were not believable to the extent alleged, *i. e.*, he gave clear and specific reasons that were specifically linked to the evidence in the record. Specifically, the ALJ noted inconsistencies between the claimant's testimony and: (i) the management of his impairments with medication and routine follow-up appointments with his doctors; (ii) his consistent denials of dizziness, headaches, visual disturbances, shortness of breath, and musculoskeletal pain; (iii) his lack of complaints of numbness, tingling, or tremors; and (iv) physical examinations that revealed no extremity edema (Tr. 26). Accordingly, the ALJ's determination is entitled to deference and the Court finds no error in analyzing the claimant's subjective statements.

## Conclusion

In summary, the Court finds that correct legal standards were applied by the ALJ, and the decision of the Commissioner is therefore supported by substantial evidence. The decision of the Commissioner of the Social Security Administration is accordingly hereby AFFIRMED.

**DATED** this 12th day of September, 2019.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**